OPINION
Defendant-appellant Nationwide Mutual Insurance Co. (hereinafter "Nationwide") appeals the May 15, 2000 Judgment Entry of the Stark County Court of Common Pleas which found, as pertinent to this appeal, its coverage to be in the amount of $1,200,000 per person and $2,000,000 per occurrence, and further found it is not entitled to setoff insurance monies already paid against that coverage. Eddine E. Csulik, et al., are plaintiffs-appellees.
 STATEMENT OF THE FACTS AND CASE
On July 20, 1995, three Ohio residents, Jerome F. Csulik, his seventeen-year-old daughter, Nicole, and her friend, Tiffany Lowden, also seventeen, were involved in an automobile accident on a Pennsylvania interstate, as a result of a drunken driver's traveling the wrong way on the interstate. Jerome Csulik was killed, and Nicole and Tiffany suffered serious injuries, incurring medical expenses in excess of $60,000 and $50,000, respectively. The tortfeasor, Dale Sorensen, a Pennsylvania resident, had liability insurance through Erie Insurance Company with limits of $100,000 to each of the injured parties. The Csulik family had uninsured ("UM") and underinsured ("UIM") motorist coverage of $300,000 per person, $500,000 per occurrence, through a policy with Nationwide Insurance Company. Nationwide has paid an undisputed sum of $200,000 to Jerome's widow, Eddine, as executor of his estate. On January 21, 1997, Eddine, as executor, Nicole, and Tiffany filed lawsuits seeking declaratory judgments and damages under the Nationwide policy. They urged the court to apply Pennsylvania law to their claims. Nationwide moved for summary judgment, requesting the court to declare that Ohio law applied to all issues pertaining to plaintiffs' rights under the policy. Nationwide requested a declaration that plaintiffs' UIM coverage was subject to setoff in the amount of the payments made by the tortfeasor, pursuant to Ohio law. The UM/UIM Coverage Agreement, as set forth in the policy said: "We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative." (Emphasis added.)
The above language provided UM/UIM coverage to Jerome and Nicole Csulik. The policy provided coverage to Tiffany pursuant to the following language in the Coverage Agreement: "We will also pay compensatory damages, including derivative claims, which are due by law to other persons who: 1. Are not a named insured or an insured household member for similar coverage under another policy; and 2. Suffer bodily injury while occupying * * * you auto." (Emphasis added.)
On July 22, 1997, the trial court ruled that Pennsylvania law governed the recovery of compensatory damages under the Nationwide policy. The trial judge pointed out that "[t]he insurance carrier could have indicated that the phrase `due by law' was intended to expressly mean the home state of the insured," but that "[t]he carrier chose to not expressly set forth this requirement." The court held that "due by law" should be the law of the state where the accident occurred, noting that the policy stated that the applicable statute of limitations for bringing a UIM claim is that of the state where the accident occurred. On March 9, 1998, this Court reversed the trial court's judgment finding Ohio Law applied; Nationwide's "per accident" limit of $500,000 applied; and Nationwide was entitled to setoff the money it had already paid against its coverage. Csulik v. Nationwide Mut. Ins. Co. (March 9, 1998), Stark County App. No. 1997CA00283, unreported. This Court determined the amount of insurance coverage available to appellees was a matter of contract law and, applying a choice-of-law analysis, held Ohio law applied. Appellees herein appealed the March 9, 1998 Judgment Entry of this Court to the Ohio Supreme Court. On February 16, 2000, the Ohio Supreme Court reversed this Court's judgment and remanded the case ". . . to the trial court for a determination of plaintiffs' rights under the policy pursuant to Pennsylvania law." Csulik v. Nationwide Mut. Ins. Co. (2000), 88 Ohio St.3d 17, 20. Following remand to the trial court, appellees filed a brief on the applicable Pennsylvania law. Nationwide filed a motion for summary judgment and brief in opposition to appellees' brief on the applicable Pennsylvania law. Appellees then filed a memorandum in opposition to Nationwide's motion for summary judgment and a response to Nationwide's brief in opposition to appellees' brief on the applicable Pennsylvania law. Via Judgment Entry filed on May 15, 2000, the trial court found Nationwide was not entitled to summary judgment as a matter of law; Pennsylvania's Motor Vehicle Financial Responsibility Act (hereinafter "MVFRL") applied; and, as pertinent to this appeal, ". . . Plaintiffs may stack their underinsured motorist coverage of the Nationwide policy for a total of $1,200,000 per person and $2,000,000 per occurrence;" and Nationwide was not entitled to setoff the insurance monies already paid. It is from the May 15, 2000 Judgment Entry Nationwide prosecutes this appeal assigning as error:
 I. THE TRIAL COURT ERRED IN HOLDING THAT THE PARTIES' RIGHTS UNDER THE INSURANCE POLICY WERE SUBJECT TO PENNSYLVANIA'S MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAW (MVFRL).
 II. THE TRIAL COURT ERRED IN HOLDING THAT THE PLAINTIFFS ARE ENTITLED TO STACK THE UIM COVERAGE PROVIDED IN THE CSULIK POLICY BASED ON THE NUMBER OF VEHICLES INSURED.
 I
Herein, Nationwide argues the trial court incorrectly assumed the MVFRL is the only source of Pennsylvania law with respect to UM/UIM coverage and the Ohio Supreme Court directed it to only consider the MVFRL in determining the applicable Pennsylvania law. Nationwide argues Pennsylvania law includes its Uninsured Motorist Coverage Act, its former "No Fault" statute, and its common law on contracts. Nationwide first argues Pennsylvania's MVFRL is not applicable because it is limited in its scope to policies delivered or issued in Pennsylvania, with respect to any motor vehicle registered or principally garaged in Pennsylvania. [MVFRL, Section 1731(a).] Because Nationwide's policy was neither delivered nor issued in Pennsylvania, and because appellees' vehicles were not registered or principally garaged in Pennsylvania, Nationwide concludes the MVFRL does not apply. We disagree. The Ohio Supreme Court specifically held in Csulik, supra, Nationwide's argument the Ohio Supreme Court should employ a choice-of-law analysis to determine whether Pennsylvania or Ohio law applies is inappropriate in regards to the subject insurance contract. Id. at 20. Inherent to such a choice-of-law analysis would be where the contract was delivered or issued and where the motor vehicle was registered or principally garaged. Because the Supreme Court rejected this choice-of-law analysis, we agree with appellees the directive sent by the Supreme Court was to apply Pennsylvania statutory law as it existed on the date of the accident, irrespective of where the policy was delivered or issued or where the motor vehicle was registered or garaged. We agree with appellees, "there is no need for this Court to embark on a reanalysis of where the contract was issued or where the covered vehicles are principally garaged or registered." Appellees' Brief at 6. The trial court reached this same conclusion in its judgment entry. May 15, 2000 Judgment Entry at 2. We overruled Nationwide's first assignment of error.
 II
In Section A of this assignment of error, Nationwide reargues Pennsylvania's common law which was not decided under the current amended version of the MVFRL consistently enforces anti-stacking provisions like those found in the subject policy. Having found the current amended version of the MVFRL applies for the reason stated in our discussion of Assignment of Error I, supra, it is unnecessary for use to address Nationwide's argument under this assignment again. Nationwide goes further under Section B of this assignment of error to argue appellees are not entitled to stack coverage since they paid only one UM/UIM premium and therefore, had no expectation interest in stacking. Nationwide contends because appellees paid a single premium for UM/UIM coverage and not separate premiums for each of their four insured vehicles, and because the policy clearly and unambiguously included an anti-stacking provision, appellees cannot reasonably expect to stack UM/UIM coverages based on the number of vehicles insured. We note Nationwide's "expectation" argument is again premised on Pennsylvania common law outside the penumbra of the current amended version of the MVFRL. For that reason alone, we reject Nationwide's argument. Moreover, we agree with appellees because the policy specifically provides coverage for the separately listed vehicles, despite the fact the declaration page reveals a single charge for the entire policy, Nationwide's argument appellees could not expect to stack coverage on all four vehicles is unpersuasive. As appellees point out, it is coverage on each vehicle, not the method of premium payment, that is important. Nationwide's second assignment of error is overruled. The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Reader, V.J. concur